ORIGINAL

# In the United States Court of Federal Claims

No. 17-827C
Filed: July 13, 2017

**FILED**

**JUL 1 3 2017**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; *In Forma Pauperis*; 28 U.S.C. § 1915(g). |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DISMISSAL ORDER

On June 19, 2017, plaintiff *pro se*, Russell Gaither—who is currently incarcerated at the Wheeler Correctional Facility located in Alamo, Georgia—filed the complaint in this action challenging, among other things, various aspects of his conviction and the conditions of his incarceration. *See generally* Compl. Plaintiff has not paid the Court's $400.00 filing fee, and on June 19, 2017, plaintiff filed a motion to proceed in this matter *in forma pauperis* (docket entry no. 4). Plaintiff also filed a motion to appoint counsel on June 19, 2017 (docket entry no. 5). On July 5, 2017, the government filed a response to plaintiff's motion to proceed *in forma pauperis*. (docket entry no. 7).

Prior to commencing this action, plaintiff filed several cases in the United States District Court for the Middle District of Georgia challenging various aspects of his conviction and incarceration. *See e.g., Gaither v. Brown, et al.*, No. 1:16-cv-73-LJA-TQL (M.D.Ga. June 30, 2016) (dismissing action and denying plaintiff's motion to proceed *in forma pauperis*); *Gaither v. Pullin, et al.*, No. 5:14-cv-260-MTT-CHW (M.D.Ga. Aug. 21, 2014) (dismissing claims as frivolous or for failure to state a claim); *Gaither v. Chapman*, et al., No. 3:13-cv-0125-CAR-CHW (M.D.Ga. Dec. 9, 2013) (dismissing plaintiff's complaint for failure to state a claim); *Gaither v. Hooks*, No. 3:13-cv-106 (CDL) (M.D.Ga. Oct. 9, 2013) (dismissing plaintiff's petition for failure to state a cognizable habeas corpus action and under the doctrine of collateral estoppel). Plaintiff has also previously filed several similar cases in the United States District

Court for the Southern District of Georgia. *See e.g., Gaither v. Epps, et al.*, No. 1:16-cv-103 (S.D.Ga. Oct. 25, 2016) (dismissing action and denying plaintiff's motion to proceed *in forma pauperis*); *Gaither v. Archer, et al*, No. 3:16-cv-010 (S.D.Ga. Apr. 26, 2016) (same); *Gaither v. Archar, et al.*, 3:15-cv-043 (S.D.Ga. Aug. 25, 2015) (adopting Magistrate Judge's Report and Recommendation that complaint should be dismissed for failure to follow a Court order and for providing dishonest information about his prior filing history).

The United States District Court for the Middle District of Georgia and the United States District Court for the Southern District of Georgia have dismissed each of the aforementioned cases upon the ground that plaintiff's claims were frivolous, that plaintiff failed to state a plausible claim for relief, or that plaintiff was barred from proceeding *in forma pauperis*. *See id*; *Gaither*, No. 1:16-cv-73-LJA-TQL, *Gaither*, No. 5:14-cv-260-MTT-CHW; *Gaither*, No. 3:13-cv-0125-CAR-CHW; *Gaither*, No. 3:13-cv-106 (CDL). A careful review of the complaint in this matter also shows that plaintiff has not alleged that he is under imminent threat of serious physical injury in the complaint. *See generally* Compl.

Title 28, United States Code, section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(2012). Because plaintiff has previously brought an action in a court of the United States that has been dismissed upon the ground that the action is either frivolous, malicious, or fails to state a claim upon which relief may be granted, on three or more prior occasions, plaintiff may not proceed with this matter unless he pays the Court's filing fee.

And so, in light of the foregoing, the Court:

1. **DENIES** plaintiff's motion to proceed *in forma pauperis;*

2. **DENIES**, as moot, plaintiff's motion to appoint counsel; and

2

3.  **DISMISSES** the complaint without prejudice[1].

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge

---

[1] Plaintiff's $400.00 filing fee in connection with this action remains due.